### Philip Bryan v. The State.

#### No. 4194. Decided December, 1908.

**Bigamy—Evidence—Husband and Wife.**

Upon trial for bigamy it was reversible error to permit the wife of the the first marriage to testify for the State against the defendant. See opinion for change recommended in the law by court.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of bigamy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of bigamy, and his punishment assessed at five years confinement in the penitentiary.

Upon the trial of the case the court permitted the wife of the first marriage to testify for the State. This has been held error by an unbroken line of authorities of this court. Evidently the learned trial judge knowing the outrage that often goes unpunished by reason of this fact, permitted this testimony introduced in order that this court might have an opportunity of again reviewing the authorities on this question. This we have done, and although, as the court evidently did, we recognize the fact that often an appellant goes unwhipped of justice by reason of the inability of the former wife to testify, yet we are constrained to hold and adhere to the former adjudications of this court, believing that they are in consonance with the statute which inhibits the wife testifying against the husband. But we most respectfully call the Legislature's attention to the fact that the statute itself should be amended, and especially in bigamy cases the wife should be permitted to testify.

Because the court permitted the wife to testify, as suggested, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—I agree to the disposition of the case and think it is correct that the wife can not testify against the husband; and think the law should remain as it is and has aforetime been.

RAMSEY, JUDGE.—I think the rule a harsh and unjust one, though it seems to have been thoroughly established and is probably correct under our statutes. It ought, I think, to be changed.